AGÜEROS, PLAINTIFF AND APPELLANT, v. SANJURJO ET AL.,
DEFENDANTS AND APPELLANTS.

APPEALS from the District Court of San Juan in an Action
for Damages.

Nos. 2502 and 2509.—Decided July 15, 1922.

MOTOR VEHICLE—RATE OF SPEED—CONTRIBUTORY NEGLIGENCE.—One who drives a
motor vehicle on the public highway, at a greater rate of speed than forty-
eight kilometers an hour is *prima facie* guilty of contributory negligence in
case of an accident, except in special cases, and in such a special case the
burden is on him to justify his traveling at the excessive rate of speed.

ID.—TRAMWAY—HIGHWAY CROSSINGS.—The owner of a tramway on which cars
are moved by animal force only is not required to place signs or bars at
crossings on the public road, nor is the owner liable for accidents caused by
its cars when they are being operated by a third person.

The facts are stated in the opinion.

*Messrs. E. Acuña, Jacinto Texidor* and *E. H. F. Dottin*
for the defendants.

*Messrs. Soto Gras & Siaca* for the plaintiff.

MR. JUSTICE WOLF delivered the opinion of the court.

There were cross appeals in this case, but they may be
considered together. The judgment and the opinion of the
court below have been attacked from every angle.

The complainant, Diego Agüeros, was traveling in an au-
tomobile over the highway between Rio Grande and Loiza,
and, on coming upon a track used for transporting cane, was
struck by a car crossing the road; and, as the complainant
alleged and sought to prove, suffered injuries to himself and
to his automobile. The track is one of a kind that abounds
on the highway in the cane region of Porto Rico and that
generally may be crossed without serious danger. There
was no sign or post warning the complainant of any such
danger. The absence of signs or warnings or guards is
charged against the defendant, the Loiza Sugar Company,

as a failure to comply with its duty, being the owner and generally the operator of the cars which run on these tracks. The other defendant, Mercedes Sanjurjo, was charged with negligence in that his agents or employees permitted a car under their charge to descend an incline without control, and, with the force thereby acquired, to cross the highroad and hit the complainant's car, causing the injuries aforesaid.

Defendant Mercedes Sanjurjo demurred to the complaint and the overruling of the demurrer is a ground of error. Another ground of error was that the complainant was guilty of contributory negligence; and, if this point was well taken, as we think it was, it would dispose of the whole case, so that we shall consider it.

Assuming, then, that the complainant proved the negligence of the two defendants, let us consider the alleged contributory negligence of the complainant. While the court, in its finding, said that the complainant was traveling at a speed of 30 miles an hour, the complainant himself said that he was traveling at a speed of between 30 and 35 miles an hour. The complainant was in the best position to know the speed at which he was traveling.

Section 13 of Act No. 75 of April 13, 1916, being the Automobile Law, provides as follows:

"Section 13.—(a) The speed of motor vehicles shall at all times be regulated with due care and with due regard to the width, amount of traffic and use of the highway, but the driving at any time of any motor vehicle on the public highway at any rate of speed faster than forty-eight kilometers an hour, or within the urban zone of a municipality faster than twenty-four kilometers per hour, shall be *prima facie* evidence that it was being driven without due care.

"(b) On rounding curves, where the view is not clear or where another car must be passed, speed shall be reduced to not exceeding twenty-four kilometers an hour."

The complainant also testified that the view was not clear and that he could not see the descending car until close upon

it. The law says that the traveling on a public highway at a speed of more than 48 kilometers an hour shall be *prima facie* evidence that the motor vehicle was traveling without due care. This is equivalent to saying that a complainant who travels faster than 48 kilometers an hour is *prima facie* guilty of contributory negligence.

There are necessarily times when a driver of a machine, in cases of emergency or perhaps where there is a perfectly clear and open road, may travel at a much higher speed than 48 kilometers an hour, but if he does so the burden is placed on him at a trial to justify his traveling at the exces- sive speed. We do not find that the complainant met this burden. It may be presumed, for example, that the Legis- lature passed this law to cover exactly the situation arising here; that something might perhaps be coming across the tracks which are imbedded in the highway, and that a driver has ordinarily the burden of being sure that nothing is coming along such tracks before he goes at a speed higher than that fixed by the law. The complainant testified that his view was obscured, and this, even though he was not rounding a curve, was still more reason for keeping within the bounds fixed by the statute. The complainant gave no evidence tending to show any emergency, or any reason for exceeding this speed limit. Thirty miles an hour is a little more than 48 kilometers an hour, and, of course, if the complainant was going at a higher rate, his negligence was proportionately greater.

With respect to the Loiza Sugar Company the court found, and we think correctly, that the defendant, the Loiza Sugar Company, was under no obligation to put up signs or posts, as on these rails the cars were not operated by any kind of motor power, but solely by oxen. The court below, in this regard, said: "The court is of the opinion that the Loiza Sugar Company incurs no responsibility what- ever, since the car was under the control of the other

defendant, Mercedes Sanjurjo, and that the fact that the signs were not posted at the crossing as ordered by the Department of the Interior does not make it liable for the accident. It was clearly shown at the trial that no cars hauled by any locomotive ever crossed that section of track; that the hauling has always been performed by animal power and that under such circumstances it cannot be regarded either as a public or private railroad." In this respect it would make no difference if after the accident the defendant Loiza Sugar Company put up posts and signs. We think the regulations of the Department of the Interior to which the complainant refers are applicable to what is known as "railroads" (*ferrocarriles*), meaning trains propelled by steam or other motor power.

It becomes unnecessary in either of the appealed cases, therefore, to consider the other errors assigned.

The judgment must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.